**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Jennifer Nicotra, individually on behalf of herself and all others similarly situated and John Does (1-100) on behalf of themselves and all others similarly situated, | x : : : **Case No.** : **2:16-cv-00296-ADS-GRB** |
| Plaintiffs, | : : |
| v. | : : : |
| Babo Botanicals, LLC, | : : |
| Defendant. | : : : |
| | : : x |

## MEMORANDUM OF LAW BY PLAINTIFF JENNIFER NICOTRA IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

Jason P. Sultzer, Esq. (Bar ID # JS4546)
Joseph Lipari, Esq. (Bar ID # JL3194)
The Sultzer Law Group P.C.
14 Wall Street, 20th Floor
New York, NY 10005
Tel: (212) 618-1938
Fax: (888) 749-7747
Liparij@thesultzerlawgroup.com

*Attorneys for Plaintiff and the Class*

# TABLE OF CONTENTS

TABLE OF CONTENTS……………………………………………………………………I

TABLE OF AUTHORITIES…………………………………………………………III-VI

Introduction………………………………………………………………………………1

Factual and Procedural Background……………………………………………………2

The Settlement Agreement………………………………………………………………2

Argument…………………………………………………………………………………4

    A.  The Court Should Preliminarily Approve the Settlement Agreement………………4

        a.  The Settlement Agreement is Procedurally Fair……………………………5

        b.  The Settlement Agreement is Substantively Fair……………………………6

        c.  The complexity, expense, and likely duration of litigation………………6

        d.  The reaction of the class to the settlement…………………………………7

        e.  The stage of the proceedings and the amount of discovery completed…………..7

        f.  The risks of establishing liability and damages…………………………..8

        g.  The risk of maintaining class action status through trial…………………8

        h.  The ability of Defendant to withstand a greater judgment…………………9

        i.  The range of reasonableness of the settlement in light of the best possible recovery and in light of all the attendant risks of litigation………………10

    B.  The Court Should Preliminarily Certify the Settlement Class…………………..11

        a.  The Rule 23(a) Prerequisites have been Met……………………………11

            i.  Numerosity……………………………………………………11

            ii.  Commonality……………………………………………………12

           iii.  Typicality………………………………………………………13

           iv.  Adequate Representation………………………………………13

        b.  The Settlement Class Meets All Rule 23(b)(2) Requirements…………………15

    C.  The Court Should Schedule the Final Approval Hearing Date…………………16

    D.  Proposed Schedule of Events……………………………………………………17

CONCLUSION...........................................................................................................17

# TABLE OF AUTHORITIES

## Cases

*Ackerman,*
  2013 WL 7044866, at *10......................................................................12, 16

*Amchem Prods., Inc. v. Windsor,*
  521 U.S. 591, 619--22 (1997)...................................................................11

*Banyai v. Mazur,*
  No. 00 CIV.9806 SHS, 2007 WL 927583, at *9 (S.D.N.Y. Mar. 27, 2007)..............8

*Brazil v. Dole Packaged Foods, LLC,*
  No. 12-CV-01831-LHK, 2014 WL 5794873, at *15 (N.D. Cal. Nov. 6, 2014)..............9

*Charron v. Pinnacle Grp. N.Y. LLC,*
  874 F. Supp. 2d 179, 201 (S.D.N.Y. 2012)...................................................9

*Charron v. Wiener,*
  731 F.3d 241, 247 (2d Cir. 2013)......................................................4, 6, 14

*City of Detroit v. Grinnell Corp.,*
  495 F.2d 448 (2d Cir. 1974)....................................................................6

*D'Amato v. Deutsche Bank,*
  236 F.3d 78, 85 (2d Cir. 2001)................................................................5

*Diaz v. Residential Credit Solutions, Inc.,*
  299 F.R.D. 16, 20--21 (E.D.N.Y. 2014).....................................................14

*Dupler v. Costco Wholesale Corp.,*
  705 F. Supp. 2d 231, 239 (E.D.N.Y. 2010)..................................................6

*Enriquez v. Cherry Hill Mkt. Corp.,*
  993 F. Supp. 2d 229, 233 (E.D.N.Y. 2014)................................................13

*Flores v. Mamma Lombardi's of Holbrook, Inc.,*
  No. 12-cv-3532, 2015 WL 2374515, at *4 (E.D.N.Y. May 18, 2015).......................5

*Fogarazzao v. Lehman Bros., Inc.,*
  232 F.R.D. 176, 180 (E.D.N.Y. 2005)......................................................13

*Gen. Tel. Co. of Sw. v. Falcon,*
  457 U.S. 147, 160 (1982).......................................................................9

*Goldberger v. Integrated Res., Inc.*,
 209 F.3d 43 (2d Cir. 2000)……………………………………………..…..……6

*Hanlon v. Chrysler Corp.*,
 150 F.3d 1011, 1026 (9th Cir. 1998)……………………………………………6

*In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.*,
 909 F. Supp. 2d 259, 265 (S.D.N.Y. 2012)……………………………………5

*In re Quaker Oats Labeling Litig.*,
 No. 5:10-cv-00502-RS (N.D. Cal. filed July 29, 2014)………………….………10

*In re Med. X-Ray Film Antitrust Litig.*,
 No. CV-93-5904, 1998 WL 661515, at *5 (E.D.N.Y. Aug. 7, 1998)………………..…8, 9

*In re Methyl Tertiary Butyl Ether (MTBE) Products Liab. Litig.*,
 241 F.R.D. 185, 199 n.99 (S.D.N.Y. 2007)……………………………..……14

*In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*,
 986 F. Supp. 2d 207, 224 (E.D.N.Y. 2013)……………………………….……7

*Jermyn I*,
 256 F.R.D. at 434………………………………………………………..…16

*Lilly v. Jamba Juice Co.*,
 No. 13-cv-02998, 2015 WL 2062858 (N.D. Cal. May 4, 2015)…………………10

*Marisol A. v. Giuliani*,
 126 F.3d 372, 376 (2d Cir. 1997)………………………………..……11, 12, 14

*McReynolds v. Richards-Cantave*,
 588 F.3d 790, 803--04 (2d Cir. 2009)…………………………………..…4, 5, 6

*Mills v. Capital One, N.A.*,
 No. 14 CIV. 1937 HBP, 2015 WL 5730008, at *6 (S.D.N.Y. Sept. 30, 2015)….…..……9

*Moore v. Margiotta*,
 581 F. Supp. 649, 652 (E.D.N.Y. 1984)…………………………………14

Parsons v. Ryan,
 754 F.3d 657, 688 (9th Cir. 2014)………………………………………….15

*Penn. Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co.*,
 772 F.3d 111, 120 (2d Cir. 2014)………………………………….……11, 12

IV

*Ries v. Arizona Beverages USA LLC,*
 287 F.R.D. 523, 540-41 (N.D. Cal. 2012)…………………………………....…………15, 16

*Robidoux v. Celani,*
 987 F.2d 931, 935 (2d. Cir. 1993)……………………………………………………11, 13

*Sykes v. Mel S. Harris & Assocs. LLC,*
 780 F.3d 70, 84 (2d Cir. 2015)…………………………………………....……12, 15, 16

*Tiro v. Pub. House Investments, LLC,*
 No. 11 CIV. 7679 CM, 2013 WL 2254551, at *2 (S.D.N.Y. May 22, 2013)……………5

*Viafara v. MCIZ Corp.,*
 No. 12 CIV. 7452 RLE, 2014 WL 1777438, at *7 (S.D.N.Y. May 1, 2014)……………9

*Wal-Mart Stores, Inc. v. Dukes,*
 131 S. Ct. 2541, 2551 (2011)…………………………………………....………12, 15

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,*
 396 F.3d 96, 116 (2d Cir. 2005)…………………………………………….....……4

*Willix v. Healthfirst, Inc.,*
 No. 07-cv-1143, 2011 WL 754862, at *4 (E.D.N.Y. Feb. 18, 2011)……………....……8

*Zeltser v. Merrill Lynch & Co.,*
 No. 13 CIV. 1531 FM, 2014 WL 4816134, at *6 (S.D.N.Y. Sept. 23, 2014)…………7, 8

*Zinser v. Accufix Res. Inst., Inc.,*
 253 F.3d 1180, 1195 (9th Cir.2001)…………………………………………………..15


Statutes


Fed. R. Civ. P. 23(a)(1)……………………………………………………………………11

Fed. R. Civ. P. 23(a)(2)…………………………………………………………………....12

Fed. R. Civ. P. 23(a)(3)…………………………………………………...………………13

Fed. R. Civ. P. 23(a)(4)…………………………………………………...………………13

Fed. R. Civ. Proc. 23(b)(3)…………………………………………………………...…1, 9

Fed. R. Civ. P. 23(e)(2)…………………………………………………...………………4, 16

FRCP R. 23(b)(2)……………………………………………………………...3, 11, 15, 16

Rule 23(a)……………………………………………………...…………11, 12, 13, 16

Rule 23(b)................................................................…...................11, 15, 16

## MEMORANDUM OF LAW IN SUPPORT OF MOTION

### Introduction

Plaintiff Jennifer Nicotra, on behalf of herself and the proposed Class, seeks preliminary approval of the proposed settlement of this false advertising action, which asserts that Defendant Babo Botanicals, LLC, deceptively labeled its cosmetic products as "all natural" even though the products contain synthetic preservatives, sodium benzoate and/or potassium sorbate. (R. Doc. 1). The proposed settlement is the culmination of significant negotiations and debate regarding Plaintiff's claims, and was achieved after attending a settlement conference with Magistrate Judge Brown. (Lipari Decl. ¶ 11). The proposed settlement resolves Ms. Nicotra's and class members' stated claims for injunctive relief against Defendant, as well as Ms. Nicotra's stated claim for damages. The proposed non-opt-out class consists of purchasers of Babo Botanical products throughout the United States between January 20, 2012 through the date of the Court's approval. The proposed settlement will result in injunctive relief to the class members. The settlement provides for an award of reasonable attorneys' fees and costs agreed upon by the parties.

After thorough investigation and analysis, all counsel recognize the substantial risks the parties would face if the action progressed. And, class counsel recognizes the significant challenges that would be faced in attempting to certify the class under Fed. R. Civ. Proc. 23(b)(3). (Lipari Decl. ¶ 8). The settlement is the result of vigorous advocacy and arms' length negotiations by counsel for all parties, who are experienced in false and deceptive advertising and labeling and unfair business practices litigation. *Id.* As set forth below, all prerequisites for preliminary approval of the settlement have been met, and thus the settlement should be preliminarily approved and this motion granted.

1

## Factual and Procedural Background

Plaintiff alleges consumers are misled by Babo's use of the claim "all natural" on the labels, advertising, and marketing of its personal care products which consist of shampoos, conditioners, sunscreens, and lotions for babies and adults. (R. Doc. 1). Plaintiff further alleges that the presence of synthetic ingredients, specifically the preservatives sodium benzoate and potassium sorbate, cause the "all natural" claim to be deceptive and misleading. And, Plaintiff alleges Babo's products, labeled with an "all natural" statement on the products' principal display panel, do not meet consumers' expectations because of the presence of these synthetic preservatives. *Id*.

The parties exchanged initial disclosures, including documents and information the parties believed necessary to engage in effective settlement discussions. Plaintiff's counsel preliminarily engaged a consultant to evaluate the claims and potential for establishing a method for calculating damages and determined that it would be difficult to ascertain a principled formula for assessing the value of individual consumers' monetary damages claim. (Lipari Decl. ¶ 8).

In June 2016, the parties attended a settlement conference with Magistrate Judge Brown, which resulted in the proposed settlement. (Lipari Decl. ¶ 11).

## The Settlement Agreement

The terms of the settlement are as follows:

- The Settlement Class includes all consumers nationwide who purchased Babo products for personal, family, or household use on or after January 20, 2012, up to and including the Certification Date. The Settlement Class excludes any claims for personal injury. Also excluded from the Settlement Class are officers and directors of Defendant,

members of the immediate families of the officers and directors of Defendant, and their legal representatives, heirs, successors, or assigns and any entity in which they have or have had a controlling interest.

- Injunctive Relief:  The proposed Settlement:

    o immediately upon the expiration of six (6) months following the Court's Order and Final Judgment in this matter (the "Grace Period"), Babo shall not manufacture or cause to be manufactured any Product intended to be sold to consumers within the United States labeled, represented, or marketed as "all natural" or "100% natural" if the Products contain any synthetic ingredients or preservatives that are not derived from natural plant or mineral sources; and

    o requires Babo immediately upon the Court's approval of the FRCP R. 23(b)(2) Settlement Class to remove the words "all natural" from the Principal Display Panel of any online images of its Products' labeling appearing on its website or any other internet website on which Babo sells its Products that contain any synthetic ingredients or preservatives that are not derived from natural plant or mineral sources; and

    o immediately upon the Court's approval of the FRCP R. 23(b)(2) Settlement Class prohibits Babo from using "all natural" or "100% natural" in its advertising or marketing for its Products that contain any synthetic ingredients or preservatives that are not derived from natural plant or mineral sources.

- Class Representative Service Payment:  Ms. Nicotra will be awarded $1,500 as a service payment.

- Attorneys' Fees and Costs:  Class counsel shall be awarded its reasonable attorneys' fees

at an amount agreed upon by, and to be confidential between, the named parties.

- Release: In exchange for the above benefits, Plaintiffs and Class Members have agreed to release certain claims. Upon the court's entry of the Fairness Hearing Order and Final Judgment, each of the Plaintiffs and Class Members will release and forever discharge defendant from liability for any and all actions or claims arising out of or in any way relating to conduct that was or could have been alleged in this Action, however, Class Members do not release Defendant with respect to any claims for monetary relief arising from or related to Babo's labeling, advertising, and or marketing of the Products in the United States.

## ARGUMENT

### A.  The Court Should Preliminarily Approve the Settlement Agreement

Under Rule 23(e)(2) of the Federal Rules of Civil Procedure, a court may approve a class action settlement "only . . .on finding that [the agreement] is fair, reasonable and adequate." Fed. R. Civ. P. 23(e)(2). The "fair, reasonable and adequate" standard effectively requires parties to show that a settlement agreement is both: (1) procedurally fair and (2) substantively fair. *See Charron v. Wiener*, 731 F.3d 241, 247 (2d Cir. 2013) (citations omitted); *accord McReynolds v. Richards-Cantave*, 588 F.3d 790, 803--04 (2d Cir. 2009). In recognition of the "strong judicial policy in favor of settlements, particularly in the class action context," courts evaluating settlement agreements adopt a presumption of both their procedural and substantive fairness. *See McReynolds*, 588 F.3d at 803 (*citing Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005)). The Settlement Agreement here is both procedurally and substantively fair.

4

### a.     The Settlement Agreement is Procedurally Fair

To demonstrate the procedural fairness of a settlement agreement, a party must show that the agreement "is the product of arms-length, good faith negotiation." *McReynolds*, 588 F.3d at 804. Factors that demonstrate this include the duration and transparency of negotiations, the experience of counsel, and the extent of discovery in litigation. *Flores v. Mamma Lombardi's of Holbrook, Inc.*, No. 12-cv-3532, 2015 WL 2374515, at *4 (E.D.N.Y. May 18, 2015). Furthermore, participation of a highly qualified mediator in settlement negotiations strongly supports a finding that negotiations were conducted at arm's length and without collusion. *See D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001) ("[A] court-appointed mediator's involvement in precertification settlement negotiations helps to ensure that the proceedings were free of collusion and undue pressure."); *Tiro v. Pub. House Investments, LLC*, No. 11 CIV. 7679 CM, 2013 WL 2254551, at *2 (S.D.N.Y. May 22, 2013) ("The assistance of an experienced JAMS employment mediator . . . reinforces that the Settlement Agreement is non-collusive."); *In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.*, 909 F. Supp. 2d 259, 265 (S.D.N.Y. 2012).

Here, Plaintiff and counsel conducted a thorough investigation and evaluation of the claims and defenses prior to filing the action and continued to analyze the claims throughout the pendency of the case. (*See, e.g.*, Lipari Decl. ¶ 7.)  Prior to agreeing to the Settlement, Class Counsel conducted significant discovery.  Through the investigation, discovery, and ongoing analysis, and through litigation of plaintiffs' claims before this Court, Class Counsel obtained an understanding of the strengths and weaknesses of the case. (*See, e.g.*, *id.* at ¶ 9.)

Class Counsel have substantial experience litigating class actions and negotiating class settlements. (*Id.* at ¶¶ 23-24.)  Moreover, the parties participated in serious and informed

negotiations before Magistrate Judge Gary Brown, which led to an agreement in principle to settle the case and, ultimately, the finalized Settlement Agreement. (Lipari Decl. ¶ 11.)

For the foregoing reasons, the Settlement Agreement is procedurally fair.

### b. The Settlement Agreement is Substantively Fair

To demonstrate the substantive fairness of a settlement agreement, a party must show that as many of the nine factors the Second Circuit U.S. Court of Appeals set out in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974) ("*Grinnell*"), abrogated on other grounds by *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000), as possible weigh in favor of approving the settlement agreement. *Charron*, 731 F.3d at 247 (citations omitted).

The nine Grinnell factors are:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement ... in light of the best possible recovery; (9) the range of reasonableness of the settlement ... to a possible recovery in light of all the attendant risks of litigation.

*McReynolds*, 588 F.3d at 804 (*quoting Grinnell*, 495 F.2d at 463). These factors overwhelmingly favor preliminary approval of the Settlement Agreement. Notably, the decision to approve or reject a proposed settlement is committed to the Court's sound discretion. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

### c. The complexity, expense, and likely duration of litigation

Consumer class action lawsuits, like this action, are complex, expensive, and lengthy. *See, e.g., Dupler v. Costco Wholesale Corp.*, 705 F. Supp. 2d 231, 239 (E.D.N.Y. 2010). Should the Court decline to approve the Settlement Agreement, further litigation would resume. As the

6

discussion of the action's procedural history above shows, litigation to date has been costly and complicated; certainly, further litigation would be yet more costly, complex, and time-consuming. (Decl. Lipari ¶ 12). Such litigation could include contested class certification (and possibly decertification) proceedings and appeals, including competing expert testimony and contested *Daubert* motions; further costly nationwide discovery, including dozens of depositions, interrogatories, and requests for admission, and further document production; costly merits and class expert reports and discovery; and trial. Each step towards trial would be subject to Defendant's vigorous opposition and appeal. Even if the case were to proceed to judgment on the merits, any final judgment would likely be appealed, which would take significant time and resources. These litigation efforts would be costly to all Parties and would require significant judicial oversight. (Decl. Lipari ¶ ¶ 13-17).

### d. The reaction of the class to the settlement

It is premature to address the reaction of the Settlement Class to the settlement.

### e. The stage of the proceedings and the amount of discovery completed

The third Grinnell factor--the stage of the proceedings and the amount of discovery completed--considers "whether Class Plaintiffs had sufficient information on the merits of the case to enter into a settlement agreement . . . and whether the Court has sufficient information to evaluate such a settlement." *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*, 986 F. Supp. 2d 207, 224 (E.D.N.Y. 2013) (citations omitted). Here, Plaintiff's counsel have conducted significant discovery, both formally and informally, including reviewing voluminous documents produced by Defendants. *Zeltser v. Merrill Lynch & Co.*, No. 13 CIV. 1531 FM, 2014 WL 4816134, at *6 (S.D.N.Y. Sept. 23, 2014) ("Here, through both formal discovery and an informal exchange of information prior to mediation, Plaintiffs obtained

sufficient discovery to weigh the strengths and weaknesses of their claims and to accurately estimate the damages at issue."). Thus, Plaintiff had sufficient information to evaluate the terms of the proposed settlement.

### f. The risks of establishing liability and damages

"Litigation inherently involves risks." *Willix v. Healthfirst, Inc.,* No. 07-cv-1143, 2011 WL 754862, at *4 (E.D.N.Y. Feb. 18, 2011) (citation omitted). "[I]f settlement has any purpose at all, it is to avoid a trial on the merits because of the uncertainty of the outcome." *Banyai v. Mazur*, No. 00 CIV.9806 SHS, 2007 WL 927583, at *9 (S.D.N.Y. Mar. 27, 2007) (citation omitted); *accord Zeltser*, 2014 WL 4816134, at *6.

Plaintiff recognizes that, as with any litigation, the actions involve uncertainties as to their outcome. (Lipari Dec. ¶ 20). Defendant continues to deny Plaintiff's allegations, and should this matter proceed, it will vigorously defend itself on the merits. Defendant would likely appeal, if possible, decisions in Plaintiff's favor. Defendant would challenge Plaintiff at every litigation step, presenting significant risks of ending the litigation while increasing costs to Plaintiff and the Settlement Class members. (Lipari Dec. ¶¶ 13-17). Further litigation presents no guarantee for recovery, let alone a recovery greater than the recovery for which the Settlement provides. (Lipari Dec. ¶¶ 13-17). For these reasons, the risks of establishing liability and damages strongly support preliminary approval.

### g. The risk of maintaining class action status through trial

The case settled before rulings on class certification, and the current certification is for settlement purposes only. Defendant has stated that but for the Settlement, it would vigorously oppose class certification. (Lipari Decl. ¶ 18.) *See In re Med. X-Ray Film Antitrust Litig.*, No.

8

CV-93-5904, 1998 WL 661515, at *5 (E.D.N.Y. Aug. 7, 1998) (possibility that defendant would challenge maintenance of class in absence of settlement was risk to class and potential recovery). Furthermore, even if the Court were to certify a litigation class, the certification order would not be an inexorable order. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) ("Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation."); *see also Brazil v. Dole Packaged Foods, LLC*, No. 12-CV-01831-LHK, 2014 WL 5794873, at *15 (N.D. Cal. Nov. 6, 2014) (decertifying Rule 23(b)(3) class in consumer fraud case). Given the risks, this factor weighs in favor of final approval. *See, e.g., Mills v. Capital One, N.A.*, No. 14 CIV. 1937 HBP, 2015 WL 5730008, at *6 (S.D.N.Y. Sept. 30, 2015).

**h.     The ability of Defendant to withstand a greater judgment**

This *Grinnell* factor--the ability of a defendant to withstand a greater judgment--has, in practice, transformed into an acknowledgement that it is more important that a class receive some relief than possibly "yet more" relief. *Charron v. Pinnacle Grp. N.Y. LLC*, 874 F. Supp. 2d 179, 201 (S.D.N.Y. 2012). A "defendant's ability to withstand a greater judgment, standing alone, does not suggest that the settlement is unfair." *Viafara v. MCIZ Corp.*, No. 12 CIV. 7452 RLE, 2014 WL 1777438, at *7 (S.D.N.Y. May 1, 2014) (citation omitted). The Settlement Agreement, as discussed above, affords the Settlement Class substantial benefits. The Settlement Agreement achieves the Settlement Class' goal of changing the Products' labeling, advertising, and marketing. Moreover, by resolving the Settlement Class's claims, the Settlement Agreement removes the Settlement Class' costs of maintaining litigation.

### i. The range of reasonableness of the settlement in light of the best possible recovery and in light of all the attendant risks of litigation.

The eighth and ninth Grinnell factors are also supported by the Settlement. The relief provided by the Settlement Agreement is within the range of reasonableness, in light of the best possible recovery and in light of all the attendant risks of litigation. Courts have consistently approved injunction-only settlement agreements that resolve mislabeling class actions. *See, e.g., Lilly v. Jamba Juice Co.*, No. 13-cv-02998, 2015 WL 2062858 (N.D. Cal. May 4, 2015); Final Order Approving Class Action Settlement, *In re Quaker Oats Labeling Litig.*, No. 5:10-cv-00502-RS (N.D. Cal. filed July 29, 2014). In doing so, these courts have emphasized that the relief obtained in these settlements--"complete relabeling of . . . challenged products"-- "provides meaningful injunctive relief . . . within the range of possible recoveries by the Class." *See Lilly*, 2015 WL 2062858, at \*4; Final Order Approving Class Action Settlement at 4, *In re Quaker Oats Labeling Litig.*, No. 5:10-cv-00502-RS, *supra* p. 11.

Here, the Settlement Agreement effectuates a relabeling of the Product, requiring Defendant to remove "all natural" on its Products' front label; and prohibiting Defendant from using "all natural" or "100% natural" in its labeling, marketing, or advertising for products that contain synthetic ingredients or preservatives that are not derived from natural plant or mineral sources. This relief constitutes a "complete relabeling of . . . challenged products," and amounts to "meaningful injunctive relief . . . within the range of possible recoveries by the Class." *See Lilly*, 2015 WL 2062858, at \*4; Final Order Approving Class Action Settlement at 4, *In re Quaker Oats Labeling Litig.*, No. 5:10-cv-00502-RS, *supra* p. 11. Thus, consideration of the range of reasonableness of the settlement in light of the best possible recovery and in light of all the attendant risks of litigation weighs staunchly in favor of approving the Settlement Agreement.

**B.  The Court Should Preliminarily Certify the Settlement Class**

A court may certify a settlement class upon finding that the action underlying the settlement satisfies all Rule 23(a) prerequisites and the requirements of Rule 23(b). *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 619--22 (1997). As set forth more fully below, the proposed settlement class satisfies all of the prerequisites of Rule 23(a) and (b)(2) and, consequently, Plaintiff respectfully asks the Court to certify the Settlement Class for settlement purposes.

**a.  The Rule 23(a) Prerequisites have been Met**

Rule 23(a) has four prerequisites for certification of a class: (i) numerosity; (ii) commonality; (iii) typicality; and (iv) adequate representation. The Settlement Class meets each of these four prerequisites and, consequently, satisfies Rule 23(a).

**i.  Numerosity**

Under the numerosity prerequisite of Rule 23(a), plaintiffs must show that their proposed class is "so numerous that joinder of all [its] members is impracticable." Fed. R. Civ. P. 23(a)(1). The Second Circuit U.S. Court of Appeals has consistently treated this prerequisite liberally, explaining that numerosity will be found where a proposed class is "obviously numerous." *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997); *see also Robidoux v. Celani*, 987 F.2d 931, 935 (2d. Cir. 1993). Though no magic number of class members exists for meeting the numerosity prerequisite, courts "presume [the prerequisite is met] for classes larger than forty members." *Penn. Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 120

(2d Cir. 2014). Here, it is undisputed that the Settlement Class is "obviously numerous," including thousands of consumers. *Marisol* A., 126 F.3d at 376; (Lipari Dec. ¶ 8).

    ii.    <u>Commonality</u>

Under the commonality prerequisite of Rule 23(a), plaintiffs must show that "questions of law or fact common to the [proposed] class" exist. Fed. R. Civ. P. 23(a)(2). The U.S. Supreme Court has clarified that this prerequisite will be found where proposed class members have brought claims that all centrally "depend upon [the resolution of] a common contention." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). The Second Circuit U.S. Court of Appeals has construed this instruction liberally, holding that plaintiffs need only allege injuries "derive[d] from defendants' . . .unitary course of conduct." *Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 84 (2d Cir. 2015). Here, Settlement Class Members bring claims that centrally depend on the resolution of a common contention—whether the presence of potassium sorbate and/or sodium benzoate cause the "all natural" claim to mislead a reasonable consumer. Plaintiff contends here that whether or not the "all natural" claim was misleading or deceptive to a reasonable consumer is a single question of fact that satisfies the commonality prerequisite, and "plaintiffs are not [further] required to demonstrate that all of the [proposed] class members had identical motivations for purchasing" the Products. *Ackerman v. Coca-Cola Co*., 2013 U.S. Dist. LEXIS 184232 * 10 (E.D.N.Y. July 17, 2013). Thus, the commonality prerequisite of Rule 23(a) is satisfied here.

iii.     <u>Typicality</u>

Under the typicality prerequisite of Rule 23(a), plaintiffs must show that their proposed class representatives' claims "are typical of the [class'] claims." Fed. R. Civ. P. 23(a)(3). The Second Circuit U.S. Court of Appeals has interpreted this prerequisite to require plaintiffs to show that "the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented." *Robidoux*, 987 F.2d at 936--37 (citations omitted). District courts in the Second Circuit, moreover, have repeatedly found this prerequisite easily satisfied, particularly in consumer class action cases. *See Enriquez v. Cherry Hill Mkt. Corp.*, 993 F. Supp. 2d 229, 233 (E.D.N.Y. 2014); *Fogarazzao v. Lehman Bros., Inc.*, 232 F.R.D. 176, 180 (E.D.N.Y. 2005) ("The typicality requirement is not demanding." (internal citations and quotation marks omitted)).

Here, Plaintiff contends the claims of the Class Representative are typical of the Settlement Class's claims. The Named Plaintiff and the rest of the Settlement Class all allege that Defendants committed the same unlawful conduct--misleadingly labeling its Product, in violation of New York deceptive trade practices statutes and the common law, as well as the consumer protection laws of each of the 50 states.

iv.     Adequate Representation

Finally, under the adequate representation prerequisite of 23(a), plaintiffs must show that their proposed class representatives will "fairly and adequately protect the interests of the [proposed] class." Fed. R Civ. P. 23(a)(4). To do this, plaintiffs must demonstrate that: (1) their class representatives do not have conflicting interests with other class members; and (2) their

class counsel is "qualified, experienced and generally able to conduct the litigation." *Marisol A.*, 126 F.3d at 378. Courts under the purview of the Second Circuit U.S. Court of Appeals have consistently applied a lenient standard for meeting both of the adequate representation prerequisites. *E.g., Diaz v. Residential Credit Solutions, Inc.*, 299 F.R.D. 16, 20--21 (E.D.N.Y. 2014). For the first requirement (adequacy of class representatives), Second Circuit courts have required that plaintiffs merely show that "no fundamental conflicts exist" between a class's representative(s) and its members. *See Charron*, 731 F.3d at 249. For the second requirement (adequacy of class counsel), courts in the Second Circuit generally presume it met, only finding it not met in instances where class counsel represents other clients whose interests are inherently at odds with the class' interests or also acts as a class representative. *See, e.g., Moore v. Margiotta*, 581 F. Supp. 649, 652 (E.D.N.Y. 1984). Here, Plaintiff possesses the exact same interests as the proposed settlement class members because Plaintiff and the settlement class were all allegedly injured in the same manner based on the same misleading representations.

With respect to the second requirement, Class Counsel are qualified, experienced, and generally able to conduct the litigation. Class Counsel are not representing clients with interests at odds with the interests of the Settlement Class Members and are not acting as class representatives. (Lipari Decl.¶ 24.) Further, they have invested considerable time and resources into the prosecution of the Actions. (Lipari Decl. ¶ 25.) They have a proven track record of successful prosecution of significant class actions. Id. "In the absence of proof to the contrary, courts presume that class counsel is competent and sufficiently experienced to prosecute vigorously the action on behalf of the class." *In re Methyl Tertiary Butyl Ether (MTBE) Products Liab. Litig.*, 241 F.R.D. 185, 199 n.99 (S.D.N.Y. 2007) (citation omitted).

**b.    The Settlement Class Meets All Rule 23(b)(2) Requirements**

The Settlement Class, as a class seeking injunctive relief, meets all Rule 23(b)(2) requirements, and the Court should preliminarily certify it.

Rule 23(b)(2) reads: "A class action may be maintained if . . . the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole . . . ." Id. The Second Circuit U.S. Court of Appeals has interpreted this to mean that class-wide injunctive relief must provide benefit to all class members (even if in different ways). *Sykes*, 780 F.3d at 97(*citing Wal-Mart Stores, Inc.*, 131 S. Ct. at 2557--58); see also Parsons v. Ryan, 754 F.3d 657, 688 (9th Cir. 2014) (holding the same).

In *Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523, 540-41 (N.D. Cal. 2012), the Northern District of California court certified a class based on Rule 23(b)(2) for allegations of advertising a product as "all natural".  The court stated:

> Plaintiffs seek certification under Rule 23(b)(2). To certify a (b)(2) class, the Court must find that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed.R.Civ.P. 23(b)(2). Ordinarily, it follows that there is no need "to undertake a case-specific inquiry into whether class issues must predominate or whether class action is the superior method of adjudicating the dispute" under the other subsections of Rule 23(b). *Dukes*, 131 S.Ct. at 2558. Rather, "[p]redominance and superiority are self-evident." *Id.* "Class certification under Rule 23(b)(2) is appropriate only where the primary relief sought is declaratory or injunctive." *Ellis*, 657 F.3d at 986 (*quoting Zinser v. Accufix Res. Inst., Inc.*, 253 F.3d 1180, 1195 (9th Cir.2001)).

> This case exemplifies the kind of action that may be appropriate for certification under Rule 23(b)(2), at least insofar as plaintiffs request: (1) declaratory relief that the alleged practices are unlawful, and (2) injunctive relief prohibiting defendants from continuing them. *See Dukes,* 603 F.3d at 571. Those requests can be

> satisfied with "indivisible" equitable relief that benefits all class members at once, as the Rule suggests.

*Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523, 540-41 (N.D. Cal. 2012). Similarly here, Plaintiff has individually relinquished her demand for monetary damages and seeks only class-wide injunctive relief. Like the class members in *Sykes* and *Arizona Beverage*, this relief would, in remedying the Products' labeling, benefit each Settlement Class Member at once. Moreover, as the court in *Ackerman* held, "equitable relief in the form of an injunction would be an appropriate remedy" for the Settlement Class. *Ackerman*, 2013 WL 7044866, at *17 (defendants clearly "acted ... on grounds generally applicable to the class," and injunctive relief constitutes a significant aspect of the relief sought. If, as plaintiffs allege, the name "vitaminwater" is misleading to a reasonable consumer, then equitable relief in the form of an injunction would be an appropriate remedy.); see also *Jermyn I*, 256 F.R.D. at 434 (certifying class under Rule 23(b)(2) and noting that New York law "place[s] a high value on this type of injunctive relief.").

Accordingly, the Settlement Class should be found to meet Rule 23(b); and, as the Settlement Class also satisfies the Rule 23(a) prerequisites, the Class should be preliminarily certified for injunctive relief.

### C.  The Court Should Schedule the Final Approval Hearing Date

Finally, pursuant to Rule 23(e)(2), Plaintiff requests that the Court schedule the time, date, and place of the Final Approval Hearing Date.

**D.**     **Proposed Schedule of Events**

In connection with preliminary approval of the Settlement Agreement, the Court must set the Final Approval Hearing Date. Plaintiffs respectfully requests that the court do so as soon as practicable.

<strong><u>CONCLUSION</u></strong>

For the foregoing reasons, Plaintiff respectfully requests that this court: (1) certify the Settlement Class for the purpose of settlement; (2) preliminarily approve the Settlement Agreement; and (3) set a date and time for the Final Approval Hearing Date.

Date: August 31, 2016

THE SULTZER LAW GROUP P.C.

/s/ Joseph Lipari

By:_____
    Jason P. Sultzer, Esq. (Bar ID # JS4546)
    Joseph Lipari, Esq. (Bar ID # JL3194)
    14 Wall Street, 20th Floor
    New York, NY 10005
    Tel: (212) 618-1938
    Fax: (888) 749-7747
    Liparij@thesultzerlawgroup.com

    *Attorneys for Plaintiff and the Class*