# CLASS SETTLEMENT AGREEMENT AND RELEASE

This Class Settlement Agreement and Release is entered by and between Plaintiff Jennifer Nicotra ("Nicotra" or "Plaintiff"), individually and on behalf of the FRCP R. 23(b)(2) Settlement Class, and Defendant Babo Botanicals, LLC. ("Babo"), (collectively, Plaintiffs and Defendant are the "Parties"). The Parties intend for the Settlement Agreement to fully, finally, and forever resolve, discharge, and settle Nicotra's individual claims and the FRCP R. 23(b)(2) Settlement Class Released Claims, subject to the terms and conditions set forth herein.

## RECITALS

a. On January 20, 2016, Nicotra, through her counsel, filed a putative class action complaint against Babo in the Eastern District of New York under case number 16-cv-00296. (the "Lawsuit"). In the Lawsuit, Plaintiff alleges consumers are misled by Babo's use of the claim "all natural" on the labels, advertising, and marketing of its personal care products which consist of shampoos, conditioners, sunscreens, and lotions for babies and adults. Plaintiff further alleges the presence of synthetic ingredients, specifically the preservatives sodium benzoate and potassium sorbate, cause the "all natural" claim to be deceptive and misleading and, as a result, Babo's products, labeled with an "all natural" statement on the products' principal display panel, do not meet consumers' expectations because of the presence of these synthetic preservatives.

b. After conducting discovery, participating in a settlement conference before Magistrate Judge Gary Brown, and engaging in extensive negotiations, the Parties now desire to reach a settlement.

c. Before entering into the Settlement Agreement, Plaintiff's counsel conducted an extensive and thorough examination, investigation, and evaluation of the relevant law, facts, and allegations to assess the merits of the claims, potential claims, and potential defenses in the Lawsuit. As part of that investigation, as well as through discovery,

1

Plaintiff's counsel obtained information from Babo, including information concerning marketing, labeling, product formulation, sales, and pricing.

d. This Settlement Agreement is the product of extensive, arms-length settlement negotiations and an exchange of information.

e. The Lawsuit has not been certified as a class action. Subject to the approval of the court, the Parties agree that a class may be certified under FRCP 23(b) (2) for the purpose of settlement only.

f. After thorough investigation and analysis, all counsel recognize the substantial risks the Parties would face if the action progressed. And, Class Counsel recognized the significant challenges that would be faced in attempting to certify the class under FRCP 23(b)(3).

g. The parties have evaluated the settlement set forth herein, and have determined that it is fair, reasonable, and adequate to resolve their grievances, and in the best interest of the settlement class.

h. Babo denies the material factual and legal allegations and any wrongdoing, and enters this Settlement Agreement only for the purpose of compromising the Lawsuit and avoiding the time and expense of litigation and appeals.

NOW, THEREFORE, in consideration of the recitals and mutual promises contained in this Settlement Agreement, the receipt and adequacy of which are hereby acknowledged, the Parties agree as follows:

2. **Definitions:**

a. "Agreement" or "Settlement" or "Settlement Agreement" means this Class Settlement Agreement and Release and its exhibits, attached hereto or incorporated herein, including any subsequent amendments agreed to by the Parties and any exhibits to such amendments

2

Class Settlement Agreement and Release
Case. No. 16-cv-00296

b. "Class Counsel" means The Sultzer Law Group, 85 Civic Center Plaza, Suite 104, Poughkeepsie, NY, 12601.

c. "Cosmetics" shall have the same meaning as that provided by the Federal Food, Drug, & Cosmetics Act as "articles intended to be rubbed, poured, sprinkled, or sprayed on, introduced into, or otherwise applied to the human body...for cleansing, beautifying, promoting attractiveness, or altering the appearance."

d. "Grace Period" shall mean a period of six (6) months immediately following the Court's entry of the Order and Final Judgment.

e. "FRCP R. 23(b)(2) Settlement Class" or "FRCP R. 23(b)(2) Settlement Class Member" means all consumers nationwide who, on or after January 20, 2012, up to and including the Preliminary Certification Order date, purchased any Babo Products for personal, family, or household use. The Settlement Class excludes any claims for personal injury. Also excluded from the Settlement Class are officers and directors of Defendant, members of the immediate families of the officers and directors of Defendant, and their legal representatives, heirs, successors, or assigns and any entity in which they have or have had a controlling interest.

f. "FRCP R. 23(b)(2) Settlement Class Released Claims" means those Claims that the Rule 23(b)(2) Class Members are releasing, as set forth in Section 5.

g. "Order and Final Judgment" means the final order to be entered by the Court approving the FRCP R. 23(b)(2) Settlement pursuant to the terms and conditions of this Agreement, dismissing the lawsuit with prejudice, releasing claims, and otherwise directing as the Court or the Parties deem necessary and appropriate to effectuate the terms and conditions of this Agreement.

h. "Preliminary Approval" means the order preliminarily approving the Class Settlement Agreement, preliminarily certifying the FRCP R. 23(b)(2) Settlement Class and issuing any necessary related orders.

i. The "Principal Display Panel" shall have the same meaning as that provided by the Labeling Regulations Applicable to Cosmetics, Title 21 of the Code of Federal Regulations § 701.10 as the portion of the Product's label most likely to be displayed, presented, shown, or examined under customary conditions of display for retail sale.

j. "Products" shall mean Cosmetics which Babo manufactures or causes to be manufactured for distribution and/or sale to consumers in the United States.

k. "Service Award" means the one-time payment to Nicotra for the time and resources she has put into representing the FRCP 23(b)(2) Settlement Class.

3. **Incorporation of Recitals**. The Recitals set forth above are expressly incorporated herein by reference as though fully set forth herein.

4. **FRCP R. 23(b)(2) Settlement Class.** For the purposes of settlement and the proceedings contemplated herein, the parties stipulate and agree that a nationwide FRCP R. 23(b)(2) Settlement Class should be certified. Class certification shall be for settlement purposes only and shall have no effect for any other purpose. The certification of the FRCP R. 23(b)(2) Settlement Class shall be binding only with respect to this Settlement Agreement. In the event that the final approval of the FRCP R. 23(b)(2) Settlement Class does not occur for any reason, this Action shall revert to its status that existed prior to the date of this Settlement Agreement.

5. **Injunctive Relief Requirements**. The FRCP R. 23(b)(2) Settlement Class relief is injunctive only, and:
   - requires that immediately upon the expiration of the Grace Period, Babo shall not manufacture or cause to be manufactured any Product intended to be sold to

4

Class Settlement Agreement and Release
Case. No. 16-cv-00296

consumers within the United States labeled, represented, or marketed as "all natural" if the Products contain any synthetic ingredients or preservatives that are not derived from natural plant or mineral sources; and

- requires Babo immediately upon the Court's approval of the FRCP R. 23(b)(2) Settlement Class to remove the words "all natural" from the Principal Display Panel of any online images of its Products' labeling appearing on its website or any other internet website on which Babo sells its Products that contain any synthetic ingredients or preservatives that are not derived from natural plant or mineral sources; and

- immediately upon the Court's approval of the FRCP R. 23(b)(2) Settlement Class prohibits Babo from using "all natural" or "100% natural" in its advertising or marketing for its Products that contain any synthetic ingredients or preservatives that are not derived from natural plant or mineral sources.

Nothing in this Agreement shall prohibit or limit Babo's right or ability to use or permit others to use, in accordance with all applicable laws and regulations, its licenses, logos, taglines, product descriptors, or registered trademarks.

6. **Grace Period for Products Manufactured**. Liability for Products manufactured prior to the end of the Grace Period shall be subject to the release of liability pursuant to this Settlement, without regard to when such Products were, or are in the future, put into the stream of commerce. Nothing in this Agreement shall cause or be construed as requiring Babo to initiate a recall of Product already in the stream of commerce.

7. **Effect of Modifications**. Plaintiff and the FRCP R. 23(b)(2) Settlement Class agree that the agreed modifications to the labeling, marketing, and advertising of the Products are satisfactory to Plaintiff and the FRCP R. 23(b)(2) Settlement Class and alleviate each and every alleged deficiency with regard to the labeling, packaging, advertising, and marketing

5

Class Settlement Agreement and Release
Case. No. 16-cv-00296

of the Products and their ingredients set forth in or related to the Lawsuit, or otherwise.

8. **Expiration**. The injunctive relief requirements by which Babo agrees to abide as part of this Settlement Agreement and as described in Paragraph 5 shall expire on the date upon which there are changes to any applicable statute, regulation, pronouncement, guidance, or other law that Babo reasonably believes would require a modification to any of the product labeling in order to comply with the applicable statute, regulation, pronouncement, guidance, or other law, including but not limited to changes in U.S. Food and Drug Administration ("FDA"), Federal Trade Commission, U.S. Department of Agriculture, U.S. Environmental Protection Agency, and other state or federal governmental agencies' regulations, guidance, or pronouncements.

9. **No Opt Out**. Because the FRCP R. 23(b)(2) Settlement Class is being certified as a mandatory class under FRCP 23(b)(2), Settlement Class Members shall not be permitted to opt out.

10. **Motion for Preliminary Approval**. As soon as reasonably practicable after the signing of this Settlement Agreement, Plaintiff shall file with the Court a Motion for Preliminary Approval of the Proposed Settlement, Conditional Certification of the FRCP 23(b)(2) Class, and Appointment of Class Counsel.

11. **Class Definition**. For purposes of settlement only, and upon the express terms and conditions set forth in this Settlement Agreement, Named Plaintiff and Babo agree to seek certification of a mandatory, nationwide FRCP 23(b)(2) Settlement Class as follows: all consumers nationwide who, on or after January 20, 2012, up to and including the Preliminary Certification Order date, purchased the Products for personal, family, or household use. Also excluded from the Settlement Class are officers and directors of Defendant, members of the immediate families of the officers and directors of Defendant, and their legal representatives,

6

Class Settlement Agreement and Release
Case. No. 16-cv-00296

heirs, successors, or assigns and any entity in which they have or have had a controlling interest.

12. **California Civil Code § 1542 Waiver**. Plaintiff and the FRCP R. 23(b)(2) Settlement Class Members acknowledge they are aware they may hereafter discover facts in addition to or different from those they or Class Counsel now know or believe to be true with respect to the subject matter of this Lawsuit and the FRCP R. 23(b)(2) Settlement Class Released Claims, but it is their intention to, and they do upon the Effective Date of this Settlement Agreement, fully, finally, and forever settle and release any and all FRCP Rule 23(b)(2) Settlement Class Released Claims, without regard to the subsequent discovery or existence of such different additional facts. Nicotra and FRCP 23(b)(2) Settlement Class Members waive any and all rights and benefits afforded by California Civil Code § 1542, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Nicotra, the FRCP 23(b)(2) Settlement Class Members, and Class Counsel understand and acknowledge the significance of this waiver of California Civil Code Section 1542 and/or of any other applicable federal or state law relating to limitations on releases.

13. **Understanding as to Facts**. Plaintiff and FRCP R. 23(b)(2) Settlement Class Members fully understand that the facts upon which this Settlement Agreement is executed may hereafter be other than or different from the facts now believed to be true and nevertheless agree that this Settlement Agreement and the Release shall remain effective notwithstanding any such difference in facts. The Parties assume the risk that the facts or law may be other than the Parties believe. The Parties acknowledge and agree that this Settlement is given and accepted as part of a compromise and settlement of doubtful and disputed claims.

7

Class Settlement Agreement and Release
Case. No. 16-cv-00296

14. **Releases**. Upon the court's entry of the Fairness Hearing Order, Plaintiff and FRCP R. 23(b)(2) Settlement Class Members, this Settlement is a full, final, and binding resolution between Plaintiff and the FRCP R. 23(b)(2) Settlement Class Members and Babo.

   a. <u>Nicotra's Individual Release</u>: In consideration of the promises and agreements contained herein, Plaintiff, on behalf of herself, hereby waives all rights to institute or participate in, directly or indirectly, any form of legal action and releases all claims, including, without limitation, all actions and causes of action, in law or equity, suits, liabilities, demands, obligations, damages, costs, fines, penalties, losses or expenses (including, but not limited to, investigation fees, expert fees, and attorneys' fees) of any nature whatsoever, whether known or unknown, fixed or contingent, that were brought or could have been brought against Babo and its affiliates, subsidiaries, and their respective officers, directors, representatives, shareholders, agents, employees, and sister and parent companies, licensors, licensees, retailers, franchisees, distributors, dealers, customers, owners, subsidiaries, and their respective officers, directors and predecessors or successors (collectively "Babo Releasees") with regard to or concerning Babo's and each of the Babo Releasees' alleged sale or advertising for sale of Products in the United States labeled as "all natural" or "100% natural," to the extent such Products were manufactured by or caused to be manufactured by Babo prior to or within the Grace Period. Except as provided herein, each party is to bear its own fees, expenses, and costs.

   b. <u>FRCP R. 23(b)(2) Settlement Class Release</u>: In consideration of the promises and agreements contained herein, Plaintiff on behalf of herself and the FRCP R. 23(b)(2) Settlement Class Members will release and forever discharge the Babo Releasees from liability for any and all injunctive, declaratory, or non-monetary equitable claims arising out of or in any way relating to conduct that was or could have been alleged in this Lawsuit. Notwithstanding, the FRCP R. 23(b)(2) Settlement Class Members, other than Nicotra, do

not release Babo with respect to any claims for monetary relief arising from or related to its labeling, advertising, and or marketing of the Products in the United States.

15. **Attorneys' Fees and Service Payment**. Class counsel shall be awarded its reasonable attorneys' fees at an amount agreed upon by and between the named Parties. Ms. Nicotra will be awarded $1,500 as a service payment to be paid within seven days of the Court's entry of the Order and Final Judgment.

16. **Warranties**. Plaintiff and Class Counsel warrant and represent they have no intention of initiating any other claims or proceedings against Babo, and, except for the claims hereby settled, Plaintiff and Class Counsel warrant and represent they have no present knowledge and are not presently aware of any factual or legal basis for any such claims or proceedings.

a. The Parties and their respective counsel agree to use their best efforts and to cooperate fully with one another (i) in seeking approval of this FRCP R. 23(b)(2) Settlement Class; and in effectuating the full consummation of the settlement provided for herein.

b. Each counsel or other person executing this Settlement Agreement on behalf of any Party hereto warrants that such person has the authority to do so.

17. **Miscellaneous Provisions**. This Settlement Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original but all of which together shall constitute one and the same instrument. Executed counterparts shall be deemed valid if delivered by mail, courier, electronically, or by facsimile.

a. This Settlement Agreement shall be binding upon and inure to the benefit of the settling Parties, their respective agents, attorneys, insurers, employees, representatives, officers, directors, partners, divisions, subsidiaries, affiliates, associates, assigns, heirs, successors in interest, and shareholders, and any trustee or other officer appointed in the event of a bankruptcy. The waiver by any Party of a breach of this Settlement Agreement by

9

Class Settlement Agreement and Release
Case. No. 16-cv-00296

any other Party shall not be deemed a waiver of any other breach of this Settlement Agreement.

      b.    No amendment, change, or modification of this Settlement Agreement or any part thereof shall be valid unless in writing, signed by all Parties and their counsel, and approved by the Court.

      c.    The Parties to this Settlement Agreement each represent to the other that they have received independent legal advice from attorneys of their own choosing with respect to the advisability of making the settlement provided for in this Settlement Agreement, and with respect to the advisability of executing this Settlement Agreement, that they have read this Settlement Agreement in its entirety and fully understand its contents, and that each is executing this Settlement Agreement as a free and voluntary act.

      d.    The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Settlement Agreement and the Parties to the Settlement Agreement submit to the jurisdiction of the Court for those purposes.

18.    **Governing Law and Conflict Resolution.** This Settlement Agreement shall be construed in accordance with, and governed by, the laws of the State of New York. Venue for enforcement of this Settlement Agreement shall be in the federal or state courts located in New York.

IN WITNESS WHEREOF, the Parties hereto each have approved and executed this Settlement Agreement effective as of the last date signed below.

*Signatures on the following page*

10

Class Settlement Agreement and Release
Case. No. 16-cv-00296

I have read the foregoing agreement and understand its terms. The CLASS SETTLEMENT AGREEMENT AND RELEASE consists of eleven (11) pages inclusive of this signature page.

**Jennifer Nicotra**

*/s/ Jennifer Nicotra*

Date: August 31, 2016

**Babo Botanicals, LLC**

By: Kate Solomon

Date: August __, 2016

DATED: August 31, 2016

**The Sultzer Law Group**

By: */s/ Joseph Lipari*
Joseph Lipari, Esq.
Attorneys for Plaintiff Jennifer Nicotra

APPROVED AS TO FORM
AND CONTENT:

DATED: August 30, 2016

**Gilbert, Kelly, Crowley & Jennett LLP**

By: */s/ Angela L. Diesch*
Angela L. Diesch, Esq.
*Attorneys for Babo Botanicals, LLC*

11

Class Settlement Agreement and Release
Case. No. 16-cv-00296

I have read the foregoing agreement and understand its terms. The CLASS SETTLEMENT AGREEMENT AND RELEASE consists of eleven (11) pages inclusive of this signature page.

**Jennifer Nicotra**           **Babo Botanicals, LLC**

_____       _____

Date: August __, 2016           By: Kate Solomon

                                 Date: August __, 2016

DATED: August __, 2016        **The Sultzer Law Group**

                                 By: _____
                                 Joseph Lipari, Esq.
                                 Attorneys for Plaintiff Jennifer Nicotra

**APPROVED AS TO FORM AND CONTENT:**

DATED: August 30, 2016        **Gilbert, Kelly, Crowley & Jennett LLP**

                                 By: _____
                                 Angela L. Diesch, Esq.
                                 _Attorneys for Babo Botanicals, LLC_

11

Class Settlement Agreement and Release
Case. No. 16-cv-00296