UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JENNIFER NICOTRA, individually on behalf of herself and all others similarly situated and JOHN DOES (1-100) on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>  v.<br><br>BABO BOTANICALS, LLC,<br><br>     Defendant. | Case No.: 2:16-cv-00296-ADS-GRB<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND AWARDING FEES AND INCENTIVE AWARD** |

Upon consideration of Plaintiff Jennifer Nicotra's ("Plaintiff") unopposed motion for final approval, and the entire record herein, the Court grants final approval to the Settlement contained in the Parties' Settlement Agreement. The Court makes the following:

**FINDINGS OF FACT**

1. On January 20, 2016, Nicotra, through her counsel, filed a putative class action complaint against Defendant Babo Botanicals, LLC (the "Lawsuit").

2. In the Lawsuit, Plaintiff alleges consumers are misled by Defendant's use of the claim "all natural" on the labels, advertising, and marketing of its personal care products, which consist of shampoos, conditioners, sunscreens, and lotions for babies and adults. Plaintiff further alleges that the presence of synthetic ingredients, specifically the preservatives sodium benzoate and potassium sorbate, cause the "all natural" claim to be deceptive and misleading. And, plaintiff alleges Defendant's products, labeled with an "all natural" statement on the products' principal display panel, do not meet consumers' expectations because of the presence of these synthetic preservatives.

3. Before entering into the Settlement Agreement, Plaintiff's counsel conducted an extensive and thorough examination, investigation, and evaluation of the relevant law, facts, and allegations to assess the merits of the claims, potential claims, and potential defenses in the Lawsuit. As part of that investigation, as well as through formal discovery, Plaintiff's counsel obtained information from Defendant, including information concerning marketing, labeling, product formulation, sales, and pricing.

4. The Parties have entered into a Settlement Agreement in which the Parties have agreed to settle the Lawsuit, subject to the approval of the Court.

5. On September 7, 2016, this Court granted preliminary approval to the proposed settlement and scheduled a fairness hearing on September 21, 2016. Because the parties proposed a settlement under Rule 23(b)(2), no notice to the class was warranted or issued.

6. At the fairness hearing, Adam Gonnelli of the Sultzer Law Group appearing on behalf of Plaintiff and Angela L. Diesch of the lawfirm Gilbert, Kelly, Crowley & Jennett, LLP appearing on behalf of Defendant, the Court determined Plaintiff's motion for final approval of the settlement, attorneys' fees and expenses, approval of the proposed incentive award, and class certification should be granted.

**THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED as follows:**

7. <u>Class Certification for Settlement Purposes Only</u>. The Court hereby certifies a nationwide plaintiff class for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(b)(2), in accordance with the terms of the Settlement Agreement (the "Settlement Class"). The Court finds, for the reasons set forth in its Preliminary Certification Approval Order of September 7, 2016, that the prerequisites for certification under Rule 23(b)(2) have been satisfied.

8. Pursuant to Federal Rule of Civil Procedure 23(b)(2), the Court hereby certifies the following Class:

> All consumers nationwide who purchased, during the Class Period, any of the Products listed herein for personal, family, or household use. Excluded from the Settlement Class are Defendant's employees, officers and directors, and members of their respective immediate families, and their legal representatives, heirs, successors, or assigns and any entity in which they have or have had a controlling interest, and governmental entities. "Products" means any of the Babo Botanical products referenced in the Lawsuit. The "Class Period" is the time period of on or after January 20, 2012, up to and including the date of the Court's final order here.

9. All persons who satisfy the Class definition above are Settlement Class Members bound by this Judgment.

10. Pursuant to Federal Rule of Civil Procedure 23(a), the Court finds that the Plaintiff Jennifer Nicotra is a member of the Class, her claims are typical of the Class, and she fairly and adequately protected the interests of the Class throughout the proceedings in the Lawsuit. Accordingly, the Court hereby appoints Jennifer Nicotra as Class Representative.

11. The Court finds that the Class meets all requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(2) for certification of the class claims alleged in the Complaint, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the class representatives and Class Counsel; (e) predominance of common questions of fact and law among the Settlement Class; and (f) superiority.

12. Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), the Court finds that Class Counsel have fairly and adequately represented the Class for purposes of entering into and implementing the settlement, and thus, hereby appoints Joseph Lipari and Jason Sultzer of the Sultzer Law Group as Class Counsel to represent the Settlement Class Members.

13. Pursuant to Federal Rules of Civil Procedure 23(e)(2), the Court finds after a hearing and based upon all submissions of the Parties, for the reasons stated on the record at the final approval hearing, and upon the record in this case, the settlement proposed by the Parties is fair, reasonable, and adequate, and consistent with and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, including Rule 23 and the Class Action Fairness Act of 2005, the United States Code, and the United States Constitution (including the Due Process Clause), and any other applicable law.

14. The terms and provisions of the settlement were entered into by experienced counsel and only after extensive arms-length negotiations conducted in good faith and with the assistance of this Magistrate Judge through a settlement conference.  As such, the Court finds the settlement is not the result of collusion.

15. The proceedings that occurred before the parties reached the settlement gave counsel opportunity to adequately assess the Lawsuit's strengths and weaknesses—and thus to structure the settlement in a way that adequately accounts for those strengths and weaknesses.

16. Plaintiff's Counsel, on behalf of the Settlement Class, and Defendant entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims.  Accordingly, none of the settlement, this Judgment, nor the fact of the settlement constitutes any admission by any of the Parties of any liability, wrongdoing or violation of law, damages or lack thereof, or of the validity or invalidity of any claim or defense asserted in the Litigation.

17. Approval of the Class Settlement will result in substantial savings in time, money, and effort to the Court and the Parties, and will further the interests of justice.

18. The Court has considered the submissions by the Parties and all other relevant factors, including the result achieved and the efforts of Class Counsel in prosecuting the claims on behalf of the Class.  Plaintiff initiated the Lawsuit, acted to protect the Class, and assisted her Counsel on behalf of the Class.  The efforts of Class Counsel have product the settlement entered into in good faith, and which provides a fair, reasonable, adequate, and certain result for the Class.  The Court approves the attorneys' fees, expenses, and incentive award described in the settlement agreement as reasonable.

19. The Court hereby dismisses with prejudice the Lawsuit, and all Released Claims against each and all Released Persons and without costs to any of the Parties as against the others.

20. The Settlement Agreement, the documents relating to the Settlement Agreement, and this Order are not, and should not in any event be (a) construed, deemed, offered or received as evidence of a presumption, concession or admission on the part of Plaintiffs, Defendant, any member of the Settlement Class or any other person; or (b) offered or received as evidence of a presumption, concession or admission by any person of any liability, fault, or wrongdoing, or that the claims in the lawsuit lack merit or that the relief requested is inappropriate, improper, or unavailable for any purpose in any judicial or administrative proceeding, whether in law or in equity.

21. Without affecting the finality of this Judgment, the Court reserves jurisdiction over the implementation and enforcement of this Judgment and the Class Settlement and all matters ancillary thereto to assure the effectuation thereof for the benefit of the Class.

22. The Court finding that no reason exists for delay in ordering final judgment pursuant to Federal Rule of Civil Procedure 54(b), the clerk is hereby directed to enter this Judgment forthwith.

IT IS SO ORDERED.

DATED: October 6, 2016

/s/ Gary R. Brown
THE HONORABLE GARY R. BROWN
UNITED STATES DISTRICT COURT MAGISTRATE JUDGE